UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD EARL WILSON, JR.** | : | Civil No. 1:12-CV-1693 |
| Petitioner, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WARDEN THOMAS,** | : | |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

I. **Statement of Facts and of the Case**

The petitioner, Richard Earl Wilson, is a federal inmate who commenced this action in the United States District Court for the Middle District of Pennsylvania on August 24, 2012, by filing a petition for writ of habeas corpus with this court. (Doc. 1.) Wilson's petition relates to his 1995 conviction in the United States District Court for the Eastern District of Virginia, a court located within the Fourth Circuit Court of Appeals, on federal firearms and drug trafficking offenses. In this petition, Wilson alleges that a recent change in the law within the Fourth Circuit, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), may affect the lawfulness of his conviction and sentence in this particular case. Thus, Wilson's petition invites us to assess the impact of a sentencing order entered against the petitioner by

another court in a different district some 15 years ago, and assess the potential retroactive effect of a change in circuit precedent in another federal circuit upon this sentence which was imposed by a court in that circuit.

Given that this matter relates to a conviction and sentence imposed upon Wilson by the United States District Court for the Eastern District of Virginia, and entails an analysis of how circuit case law in the Fourth Circuit may now affect this sentence, for the reasons set forth below, it is recommended that this matter be transferred to the sentencing court in the United States District Court for the Eastern District of Virginia for further proceedings.

## II. <u>Discussion</u>

Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, while habeas proceedings are typically brought in the district of a prisoner's confinement, <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 434-35 (2004), such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged by Wilson, which challenge aspects of a particular sentence imposed by another district court, they have often relied upon §1404 to order the transfer of the petitions to the sentencing court for its consideration. In reaching this result we have aptly observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1404 are fully satisfied. At the outset, it is apparent that the United States District Court for the Eastern District of Virginia, the sentencing district, is another district where this claim might have been brought. To the extent that Wilson seeks to litigate a sentencing claim based upon a change in Fourth Circuit precedent, it is evident that he is challenging aspects of the sentence originally imposed by that court. It is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced, in this case the United States District Court for the Eastern District of Virginia. See 28 U.S.C. § 2255(a) (motion must be filed in "the court which imposed the sentence").

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the United States District Court for the Eastern District of Virginia would serve "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other, similar petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing [decision] . . . and can best access any witnesses necessary to investigate the case. [Therefore], [t]he interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Adopting this course is particularly appropriate here, where the petition asks us to review the sentencing of a district court located within the Fourth Circuit Court of Appeals, based upon what is alleged to be an intervening change in the law within the Fourth Circuit Court of Appeals, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Such claims are uniquely well-suited for resolution within the courts and circuit in which they arise, and are particular ill-suited for determination in the first instance by a district court located outside the Fourth Circuit Court of Appeals.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

### III.  Recommendation

For the foregoing reasons, it is recommended that the Court enter an order transferring this matter to the United States District Court for the Eastern District of Virginia, which has jurisdiction and venue of the matters set forth in the petition, a petition that challenges aspects of the sentence imposed by that court. It is further recommended that this matter be resolved through a transfer order, rather than an order dismissing the action, since such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action on venue

grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of August, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
